UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARSYAD BACO, | Civil Action No. 08-5249 (PGS) |
| Petitioners, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA | |
| Respondent. | |

This matter is before the Court for an Order to return the passports of Plaintiffs.

The facts are:

1. Plaintiffs brought this action seeking the Court to compel the government to return the passports and/or travel documents of the Plaintiffs so they may leave the United States;

2. Plaintiffs are mates on a ship owned by Naldvin Shipping Co, Ltd. and operated by Dalnave Navigation;

3. The U.S. Coast Guard arrested the ship because it had reason to believe certain criminal violations of environmental laws occurred prior to entry into Port Newark. Since the Plaintiffs are witnesses to the violation, the Plaintiffs' testimony is essential to the criminal investigation. As a result, Dalnave and the United States agreed to release the vessel subject to certain conditions. One of the conditions was that Plaintiffs would remain in the United States at least until such time as the investigation was completed. Dalnave agreed to pay the expenses associated with same. Plaintiffs were advised, but did not consent to the travel restriction. They seek to return to their native country of Indonesia. The Government and Dalnave agreed upon time table for completion of the investigation, but with extensions, the Plaintiffs may be required to remain in

the United States until February, 2009.

4. Plaintiffs remained in the Untied States for about two months prior to the filing of this lawsuit.

5. At some point after initiation of the law suit, but before a hearing on the Order to Show Cause why the passports should not be returned, the United States Attorney's Office applied to Magistrate Judge Shwartz for a warrant to arrest the Plaintiffs as Material Witnesses. Said Warrants were issued on November 3, 2008.

6. Within several days, the Plaintiffs voluntarily surrendered, and conditions for release were fixed including a condition that requires Plaintiffs to "surrender passports and/or other travel documents." . As a result, Plaintiffs are prohibited from traveling beyond New York and New Jersey.

7. Although the application before this Court was for return of the passports, it was clear from the outset that Plaintiffs were seeking to expedite the investigation so they could return home. Although, at argument, I prodded the Government about speeding up the investigation, the Assistant United States Attorney would only agreed to adhere to the agreement with the vessel owners.

8. With a little hustle, the Government most likely can move quicker, and judicial oversight rather than reliance upon an agreement between the vessel owner and the Government is the best method to achieve that goal. Hence, the procedures under Fed. R. Crim. P. 15(a)(2) whereby Plaintiffs may seek to have their depositions taken is the best route for Plaintiffs to follow.

9. The application before this Court to return the passports is moot because the present restriction of Plaintiffs' travel is pursuant to a Court Order and continued judicial oversight, as set forth in the Federal Rules of Criminal Procedure.

NOW THEREFORE it is on this 24th day of November, 2008

ORDERED that the matter is dismissed without prejudice due to mootness; and it is further

ORDERED that any pending motions are denied.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　PETER G. SHERIDAN, U.S.D.J.

November 24, 2008